**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MAURA ROSALIA FERNANDEZ DUCHITANGA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-474-G** |
| **WARDEN, Diamondback Correctional Facility, et al.,** | ) | |
| **Respondents.** | ) | |

**ORDER**

On March 9, 2026, Petitioner Maura Rosalia Fernandez Duchitanga initiated this proceeding for habeas corpus relief, challenging her detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda L. Maxfield for preliminary review. Certain Respondents[1] filed an Answer (Doc. No. 11) to the Amended Petition (Doc. No. 7), and Petitioner filed a Reply (Doc. No. 13).

On May 6, 2026, Judge Maxfield issued a Report and Recommendation ("R. & R.," Doc. No. 14), as well as a later Supplement (Doc. No. 16), recommending that the Petition be granted in part and Petitioner be granted an individualized bond hearing before an Immigration Judge. Respondents filed an Objection (Doc. No. 15) to the R. & R.

[1] The appearing respondents are: Todd Blanche, United States Attorney General; Markwayne Mullin, U.S. Secretary of Homeland Security; David Venturella, Acting Director of ICE; and Robert Cerna, ICE Dallas Office Director of Enforcement and Removal.

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objection has been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

*I. Background and Petitioner's Allegations*

Petitioner is a citizen of Ecuador who entered the United States on or about February 27, 2024. R. & R. at 4. She was apprehended by ICE and charged as removable through issuance of a Notice to Appear. *Id.*; *see* Doc. No. 11-1. Petitioner was then released on her own recognizance pursuant to 8 U.S.C. § 1226. R. & R. at 4; *see* Doc. Nos. 11-2, 11-3.

On January 19, 2026, Petitioner was arrested via warrant after law enforcement stopped the vehicle she was traveling in on her way to work. R. & R. at 4. Petitioner remains in ICE custody at Diamondback Correctional Facility in Watonga, Oklahoma. Am. Pet. at 1. Petitioner asserts that she was not advised of the reason for her detention and that she has not been afforded a bond hearing. R. & R. at 4 (citing Am. Pet. at 2, 5, 9). In the Amended Petition, Petitioner argues that her arrest and ongoing detention violate the Immigration and Nationality Act ("INA") and her due process rights under the Fifth Amendment. *See* Am. Pet. at 9-10.

*II. The Report and Recommendation*

Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See* Answer at 9, 10, 12-18. Judge Maxfield determined in relevant part that 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 6-17. Accordingly, Judge Maxfield concluded that Petitioner is entitled to relief on her INA claim in the form of an individualized bond hearing under 8 U.S.C. § 1226(a). *See id.*

Respondents object that the R. & R. erroneously concluded that § 1225(b)(2)(A) did not apply to Petitioner by failing to deem Petitioner an “applicant for admission” “seeking admission” under that statute. Resp’ts’ Obj. at 9-32 (citing 8 U.S.C. § 1225(b)(2)(A)).

Following the issuance of the R. & R. and the submission of Respondents’ Objection, the Tenth Circuit held that § 1225(b)(2)(A)’s mandatory-detention requirement “applies only to [noncitizens] seeking admission” at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). The Tenth Circuit further held “that noncitizens who entered the United States and were thereafter detained in the interior of the country are,” instead, “usually subject to § 1226(a) (and thus eligible for bond).” *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was “eligible for release” and “entitled to a bond hearing”).

Respondents’ objection is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Am. Pet. at 2, 5; *see Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other “opportunity to argue for release.” *Santillan Quiroz*, 180 F.4th at 1234; *see* Am. Pet. at 2, 5-6. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable.

*See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," she is entitled to a bond hearing. *Id.* at 1251 n.13.[2]

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 14) is ADOPTED in relevant part.

IT IS THEREFORE ORDERED:

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 7) is GRANTED as to Petitioner's INA claim.
2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.
3. Petitioner's remaining claims for relief are DISMISSED without prejudice.
4. Petitioner's pending Motions (Doc. Nos. 3, 8, 19) are DENIED AS MOOT.
5. The Motion to Withdraw Cedric Bond as counsel for Respondents (Doc. No. 18) is GRANTED.
6. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

[2] Because the Court finds that habeas relief is warranted on this basis, the Court need not address Petitioner's remaining claims. *See Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).

7. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 29th day of October, 2026.

CHARLES B. GOODWIN
United States District Judge